

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
~~●●●●●●●●●●●●~~
ATTORNEY GENERAL

Honorable K. P. Foster
County Auditor
Smith County
Tyler, Texas

Dear Mr. Foster:

Opinion No. O-7516

Re: Whether the employment of a
janitor by the Commissioners'
Court of a county where the jani-
tor's wife is a half-sister of
one of the County Commissioners.
violates Article 432 P. C.

We acknowledge receipt of your letter posing the above
titled subject-matter, your letter being in full as follows:

"We have a janitor here in the courthouse,
who is employed by the Commissioners' Court and
has been on this same job for approximately eight
(8) years. This man's wife is a half-sister to
one of the Commissioners-elect.

"Can this man legally remain on his present
job after the first of the year, when the above
mentioned Commissioner becomes a member of the
court?"

First, we will determine whether or not the employment
by the Commissioners' Court of the janitor violates the Nepotism
of our Penal Code:

"No officer of this State or any officer of
any district, county, city, precinct, school dis-
trict, or other municipal subdivision of this
State, or any officer or member of any State,
district, county, city, school district or other
municipal board, or judge of any court, created
by or under authority of any general or special
law of this State, or any member of the Legisla-
ture, shall appoint, or vote for, or confirm the
appointment to any office, position, clerkship,

employment or duty, of any person related within
the second degree by affinity or within the third
degree by consanguinity to the person so appoint-
ing or so voting, or to any other member of any
such board, the Legislature, or court of which
such person so appointing or voting may be a mem-
ber, when the salary, fees, or compensation of
such appointee is to be paid for, directly or in-
directly, out of or from public funds or fees of
office of any kind or character whatsoever." --
Penal Code, Article 432.

We assume the janitor is not related to the Commission-
er by consanguinity or blood, and the question therefore is to
see whether he is related to the Commissioner by affinity.

More than a hundred years ago Texas adopted the Common
Law of England which, together with the Constitution and the
statutes of this state, should be the rule of decision.

Neither the Constitution nor the statute defines the
term "affinity", so that the matter is controlled by the Com-
mon Law rule.   That rule is as follows:

"* * *.  At common law, the term has been
variously defined as the connection existing in
consequence of marriage between each of the mar-
ried persons and the kindred of the other; the
connection formed by marriage which places the
husband in the same degree to the blood relations
of the wife as that in which she herself stands
towards them and gives the wife the same connec-
tion with the blood relation of the husband; the
relation contracted by marriage between a husband
and his wife's kindred and between a wife and her
husband's kindred, in contradistinction from con-
sanguinity, or relation by blood; the relation-
ship which arises by marriage between one of the
parties and the blood relations of the other; the
tie which arises from the marriage between the hus-
band and the blood relations of the wife, and be-
tween the wife and the blood relations of the hus-
band."

While it is not shown that the Commissioner has a wife,
nevertheless the janitor has one, and relationship is mutual --
that is, blood relatives of the janitor's wife are the affinity
relatives of the janitor himself; the Commissioner being a blood

relative of the first degree to the wife, therefore, becomes related by affinity to the janitor in the first degree. It is true you did not expressly ask this question, but we nevertheless think it not inept.

Answering specifically the question posed by you, it is our opinion the janitor may not be continued in his position upon the incoming of the new Commissioners' Court.

It will be seen from reading Article 432 of the Penal Code the prohibition of kinship between an employer and an appointing court applies to kinship to "any other member of any such * * * court" of which such related person may be a member. The Commissioners' Court is a biennial body, and the incoming court will be a new court, notwithstanding it may be made up of the same personnel for the most part of the preceding court. This holding is in line with the previous opinions of this department.

In our Opinion No. O-1408, approved September 29, 1939, we held that where a county hires a truck driver by the month, who later becomes a son-in-law of a County Commissioner, such relationship came within the purview of Article 432 of the Penal Code, and the auditor should not approve payment for his services. So, also, in our Opinion No. O-6406, approved February 16, 1945, we answered that the fact that Thomas Davis (an employee of the Commissioners' Court) received his appointment and assumed his duties prior to the election of Fred Miller, (a Commissioner kinsman within the prohibited degree) who consequently did not vote to confirm his appointment, did not exempt the situation from the operation of the Nepotism statute. We there said:

"The payment of the salary of the appointee of the Commissioners' Court is in violation of the Nepotism law. The fact that such person received his appointment and assumed his duties prior to the election of a County Commissioner who stands in the prohibited degree of relationship to him, would not remove his position from the Nepotism statutes."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
ASSISTANT

08-MR

